**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT FLORIDA**
**TAMPA DIVISION**

JEFFREY BURGESS,

      Plaintiff,

vs.                                      CASE NO.  8:07-CIV-1612-17-TGW

CHIEF STEVEN HOGUE, et al.,

      Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

This cause is before the Court on Defendants' motion to dismiss (Docket No. 13), filed on November 30, 2007.  Despite the Court giving the Plaintiff multiple opportunities to file an appropriate response to the motion to dismiss, the Plaintiff has failed to file a response.  The plaintiff has taken no action in this case since December 2007.

## STANDARD OF REVIEW

A district court should not dismiss a complaint unless it appears, "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  See Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 101-02,     2 L.Ed.2d 80 (1957).  To survive a motion to dismiss, a plaintiff may not merely "label" his or her claims.  See Blumer v. Mylander, 919 F.Supp. 423, 425 (M.D. Fla. 1996).  At a minimum, the Federal Rules of Civil Procedure require a "short and plain statement of the claim" that "will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  See Conley, 355 U.S. at 47 (quoting Fed. R. Civ. P. 8(a)(2)).

In deciding a motion to dismiss, the court may only examine the four corners of the complaint.  See Rickman v. Precisionaire, Inc., 902 F.Supp. 232, 233 (M.D. Fla. 1995).  "The threshold sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low." Ancata v. Prison Health Serv., Inc., 769 F.2d 700, 703 (11th Cir. 1985) (citation omitted).

In addition, a court must accept the plaintiff's well pled facts as true and construe the complaint in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); Howery v. Nisus, Inc., 910 F.Supp. 576 (M.D. Fla. 1995). However, when on the basis of a dispositive issue of law, no construction of the factual allegations of the complaint will support the cause of action, dismissal of the complaint is appropriate.  See Executive 100, Inc. v. Martin County, 922 F.2d 1536 (11th Cir. 1991).

The Court finds that the motion to dismiss is well-taken and cites it with approval herein. The Court notes that, additionally, the Plaintiff has failed to prosecute this case in a timely manner which is also a basis for dismissal.  Accordingly, it is

**ORDERED** that the motion to dismiss (Docket No. 13) be **granted**  and the Clerk of Court is directed to close this case and terminate any other pending motions.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 3rd day of April, 2008.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record

2